## BUNTIN & WIFE *v.* FRENCH & a.

There is no equitable lien for the purchase money, where other security has been taken by the vendor of real estate, if such lien exists in any case after the execution of the conveyance.

In an indenture of lease of an undivided half of a farm for life, containing also covenants for the support of the lessees by the lessor, and " pledging " the whole of the property to the lessees to secure performance of the covenants, it seems that the lessees, upon breach of the covenants may hold the land for life.  Whether they take a larger estate, *quœre.*

A bill stating the plaintiff's claim to an estate in fee to the premises in their possession, and the claims of the defendants to a reversion upon the determination of the lives of the plaintiffs, does not without some thing more, present a case requiring the court to determine the nature of the plaintiff's estate, or to enjoin the defendants from setting up their claim if invalid.

Buntin *v.* French.

In Equity. On the 23d day of January 1832, the plaintiff Robert Buntin and his son Robert Buntin, Jr., were seized in fee-simple as tenants in common in equal shares, of the farm described in the bill, and in pursuance of an arrangement between the parties, Robert Buntin, Jr., conveyed his undivided half to his father, who thereupon conveyed the whole in fee-simple to his son-in-law Joseph French, one of the defendants. French, in consideration, paid eight hundred dollars to Robert Buntin, Jr., and discharged debts of his to the amount of about three hundred dollars more, and entered into an indenture with the plaintiffs, Robert Buntin and wife, by which he leased to them for the life of the survivor, an undivided half of the farm; covenanted to support the lessees during life; and to do certain other things detailed in the indenture as an equivalent for his own use and occupation of the leased premises; which he also covenanted to farm in a prudent and husbandlike manner. " And the above described property," meaning apparently the whole farm, " the said Joseph French doth by these presents pledge to said Buntin as security for the performance of each and all of the above conditions."

French thereupon took possession, and fulfilled all the conditions till the year 1838, when he failed to furnish the stipulated maintenance for the plaintiffs, who soon afterward entered and took possession of the premises, and have ever since retained the same without disturbance.

The Mechanics Bank, James Collins, Orin Foster, and James H. Swett, named as defendants, levied several executions upon the reversion of French in different parcels of the premises, and having parted with their several interests so acquired, disclaimed by their answers all interest in the subject-matter of the suit, and Mical Tubbs, Charles Arnold, Henry Adams, and Stephen Bates, not named in the bill, having severally acquired those inter-

ests or estate, voluntarily appear and submit to such decree as the court shall upon hearing upon the bill direct.

French has died since the commencement of the suit.

The plaintiffs by their bill, claiming to be entitled to the personal services of French administering to their support, and in default of these to be admitted as mortgagees by force of the indenture, to foreclose his entire estate as well in reversion as in possession, pray that the defendants may be enjoined against holding any thing in the premises by virtue of their levies, and that the deed of Robert Buntin to Joseph French may be rescinded upon such terms as the court may order.

*Fowler*, for the plaintiffs, contended that as the consideration of the conveyance from Robert Buntin to French was the sum of eleven hundred dollars in cash and in liquidating the debts of Robert Buntin, Jr., and the support which French had agreed to furnish the plaintiffs during life, they had an equitable lien upon the property conveyed, to secure the unpaid part of the consideration ; and that the court would give effect to that equity by ordering a re-conveyance to Buntin upon the re-payment of the purchase-money received ; the case being such that the purchasers under French were unable to perform the remainder of the consideration, by reason that it consisted in personal services and attentions to be rendered by French himself or his family.

*Perley*, for the defendants. The equitable lien of a vendor upon the property sold and conveyed, arises only when there is no payment, and where there exists a presumption that the parties did not intend the land should pass without.

For one half the land French had paid $1100, and this half never in reality belonged to the plaintiffs.

The security of the plaintiffs is under an indenture, and

they may hold during life all the land. This was, for any thing that appears or is alleged, made according to the intention of the parties. An estate in fee can not be con veyed by the word pledge. If French did not keep his covenant, the plaintiffs might by force of that word enter and hold for the period necessary to secure the objects contemplated. They might hold during life. Co. Lit. 86; Shepherd's Touch. 101; 4 Kent's Com. 5–8; 12 Wend. 660; 3 Verm. 121.

GILCHRIST, J. The plaintiff Robert Buntin on the 23d day of January 1832 conveyed the farm concerning which the present litigation has arisen, to Joseph French in fee. For this, French paid eleven hundred dollars to Robert Buntin, Jr., or for his use and benefit, and conveyed to the plaintiffs for their lives one undivided half of the prem‐ ises, and agreed to maintain the plaintiffs during their lives in a. manner described in the indenture, using for that purpose the undivided share of which they had a lease.

Now for the purpose of disincumbering the case of cer‐ tain questions that have been discussed, it may be con‐ ceded that upon these facts these plaintiffs would be enti‐ tled to the personal services of French and his family in furnishing the support provided for by the indenture, and that the duty could not be delegated by French to another party, either directly or by the agency of legal execution transferring his interest in the estate to a creditor or other purchaser.

For the same purposes and limiting the concession to the precise exigency of the present case, it may also be conceded that as between the plaintiffs and French, and purchasers under the latter with full notice of the facts, an equitable lien for that part of the consideration which remained due upon the execution of the conveyance, re‐ sulted in favor of the plaintiff.

But here another fact intervenes. The plaintiffs, instead of relying upon such supposed equitable lien, have substituted another security, which by the admission of counsel at the bar, and by the theory upon which all the parties have proceeded, if not abundantly adequate, is still a substantial and appreciable security. By the indenture, the whole of the premises were pledged, or charged with the covenants which French had made for the support of the plaintiffs. Whether the words by which this charge is effected are or are not sufficient to convey a fee, it is not necessary for us to determine. But adopting the notion upon which the parties have in general acted, that the plaintiffs can entitle themselves under those words to an estate for life only, it is not unreasonable to suppose that the parties to the indenture deemed such to be a fair and adequate security, considering that French had paid the value of half the farm with his own money.

The taking of this security is totally inconsistent with the preservation of any such equitable lien as is contended for by the plaintiffs. It shows the business finished. The price was paid, so far as the nature of the transaction admitted it to be paid, and as to the remainder, which was to consist in the personal offices of French and his family, security was taken; and there is no shadow of reason to suppose that the parties ever intended that any further security should be taken or payment made, before the sale should be considered as consummated.

The plaintiffs have no case here that requires us to decide what estate they have in the land by force of the indenture or otherwise. It is strictly a legal question. The plaintiffs claim an estate in fee-simple, and the defendants claiming a reversion, would limit them to an estate for their lives and the life of the survivor. They are in undisturbed possession, and are under no engagement to make a title; nor is the precise nature of their estate a question before the court in any point of view.

There is no suggestion that the indenture did not truly contain the agreement that the parties to it intended to enter into, or that it was obtained through fraud, surprise, accident, or mistake, or that it ought for any other equitable cause to be reformed.

The case furnishes no apparent ground for the equitable interposition of this court, and we are therefore of the opinion that the bill should be dismissed.

*Bill dismissed.*